# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT ALAN MADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-16-524-R |
| | ) | |
| BOB USRY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, appearing *pro se*, filed this action alleging that Defendant failed to pay prevailing wages, and that when he asked for his money he was fired. Defendant has filed a Motion to Dismiss (Doc. No. 13). In response Plaintiff filed a document entitled "Appeal" wherein he set forth many of the same statements included in his Complaint. Having considered the parties' submissions, the Court finds as follows.

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States or where there is diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Because federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction, and the party invoking federal jurisdiction, here Mr. Madden, bears the burden to prove its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Complaint was filed on a form intended for pro se civil rights complaints, and Plaintiff checked two places to indicate potential grounds for federal court jurisdiction, 42 U.S.C. § 1983 and *Bivens v. Six Unknown Names Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). 42 U.S.C. § 1983 claims require that the defendant be acting under color of state law. *Pierce v. Gilchrist*, 359 F.3d 1279, 1285 (10th Cir. 2004). Plaintiff alleges no facts that would enable a finding that Bob Usry, who was apparently Plaintiff's private employer, could be considered a state actor for purposes of § 1983. Similarly, a *Bivens* action provides a basis for seeking relief from a federal employee acting within the scope of employment for the violation of constitutional rights. *See Peoples v. CCA Detention Ctrs.*, 422 F.3d 1090, 1103 (10th Cir.2005). Plaintiff presents no facts that would permit the Court to conclude that Mr. Usry meets this criteria. Rather, Plaintiff alleges that Mr. Usry owns Bob Usry's Plumbing, not that he is a federal employee.

Having reviewed the Complaint and giving Plaintiff's allegations therein liberal construction in light of his *pro se* status, the Court finds that Defendant is entitled to dismissal because Plaintiff has failed to establish a basis for this Court's jurisdiction. Accordingly, Defendant's Motion to Dismiss is hereby GRANTED.

IT IS SO ORDERED this 26th day of August, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE